UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Florencio Molina-Gonzalez (5),

        Defendant.

Criminal No. 15-147 (DWF/FLN)

**REPORT AND RECOMMENDATION**

Thomas Hollenhorst, Assistant United States Attorney, for Plaintiff.
Michael Saeger for Defendant Florencio Molina-Gonzalez.

**THIS MATTER** came before the undersigned United States Magistrate Judge on July 15, 2015 on Defendant Florencio Molina-Gonzalez's motion to suppress statements made during an interview on April 22, 2015 (ECF No. 47). This matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. At the hearing, the Government offered testimony from FBI Special Agent Andrew Mento and entered two exhibits into evidence.[1] Neither party requested to submit additional briefing on the issue. For the reasons that follow, the Court recommends that Defendant's motion be **DENIED**.

## I. FINDINGS OF FACT

On April 22, 2015, Defendant was scheduled to make his first court appearance after a federal criminal complaint was filed, charging Defendant with conspiracy to distribute methamphetamine (in violation of 21 U.S.C. §§ 841(a)(1) and 846). *See* Compl., ECF No. 1. Prior

---

[1] The Government's exhibit 1 is a CD containing a recording of Defendant's April 22, 2015 interview; exhibit 2 is an unsigned FBI Advice of Rights form in both English (FD-395) and Spanish (FD-395.15).

to appearing in court or receiving court-appointed counsel, however, Defendant was interviewed by Special Agent Andrew Mento in the U.S. Marshal's office. According to Mento, who testified at the hearing, one other agent and a translator fluent in Spanish were also present for the interview. The Spanish translator was a contract linguist with the FBI whom Mento indicated had been used by his office on multiple previous occasions.

After asking Defendant a few preliminary questions (e.g., name, date of birth, address, phone number), Mento informed Defendant that he was not required to talk to them, but he wanted to explain to Defendant what was going on. Mento also told Defendant that because he was in custody, he had to be informed of his rights prior to questioning. Mento then had the translator read Defendant his *Miranda* rights in Spanish, using a Spanish-translated FBI Advice of Rights Form. *See* Gov. Ex. 2. When the translator finished, Mento asked Defendant if he understood his rights. In response, Defendant asked if he would still need to get a lawyer if he answered all of Mento's questions now. Mento informed Defendant that whether Defendant chose to get a lawyer in the future was up to him, but at the moment he was only being asked if he would agree to talk to Mento now without a lawyer present. After hearing this response, Defendant agreed to answer Mento's questions. According to Mento, Defendant appeared to track the questions he was asked and he never had any issues with the ability to understand Mento through the translator. Mento testified that Defendant never requested a lawyer during the questioning.

## II. CONCLUSIONS OF LAW

The Fifth Amendment provides that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend V. In *Miranda v. Arizona*, the Supreme Court concluded that four specific warnings were necessary prior to a custodial interrogation in order to

"assure that the individual's right to choose between silence and speech remain unfettered throughout the interrogation process." 384 U.S. 436, 469 (1966). A defendant may waive his *Miranda* rights but must do so "voluntarily, knowingly and intelligently." *Id.* at 444.

A valid *Miranda* waiver must be (1) "the product of free and deliberate choice rather than intimidation, coercion, or deception" and (2) "with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *United States v. Vinton*, 631 F.3d 476, 483 (8th Cir. 2011). The totality of the circumstances must demonstrate a "requisite level of comprehension" of the rights being waived. *Colorado v. Spring*, 479 U.S. 564, 573 (1987). The Government has the burden of proving, by a preponderance of the evidence, that the defendant made a valid waiver of his *Miranda* rights. *Miranda*, 384 U.S. at 473.

Defendant contends that he was not properly advised of his right to have counsel present or that his consent was unclear and contradictory. Mot. to Suppress Statements, ECF No. 47. The Court has both listened to the audio recording of the interview, *see* Gov. Ex. 1, and heard testimony from Special Agent Mento. According to Mento, and confirmed by the recording, Defendant was read his *Miranda* rights in Spanish (his primary language) prior to being interrogated. After being advised of his rights, Defendant asked whether he would still need a lawyer if he answered all of Mento's questions. After being informed that such a decision would be up to Defendant, Defendant indicated that it was "fine" if Mento talked to him. Mento testified that Defendant tracked his questions and showed no signs that he did not understand his *Miranda* rights. After listening to the recording, the Court heard nothing to indicate that Defendant was anything other than coherent and alert during the interview, or that his decision to speak to Mento without a lawyer present was coerced. The officers never threatened Defendant or used deceptive tactics to encourage him to talk. Indeed, the

fact Defendant received clarification from Mento about his rights prior to agreeing to speak with him supports a conclusion that Defendant fully understood his rights prior to waiving them. Based on the foregoing, the Court concludes that the Government has proven by a preponderance of the evidence that Defendant voluntarily, knowingly, and intelligently waived his *Miranda* rights prior to being questioned. His motion to suppress must therefore be denied.

### III. RECOMMENDATION

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's motion to suppress statements (ECF No. 47) be **DENIED**.

DATED: July 29, 2015                           *s/Franklin L. Noel*
                                                      FRANKLIN L. NOEL
                                                        United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **August 13, 2015**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **A**ugust 13, 2015 a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.